**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **Y.Y., et. al,** <br><br> **Plaintiffs,** <br><br> **v.** <br><br> **NORTH ARLINGTON BOARD OF EDUCATION, et. al.,** <br><br> **Defendants.** | **Civil Action No. 17-7224 (MCA) (MAH)** <br><br><br> **OPINION** |

## I.     INTRODUCTION

Presently before the Court is the motion of Plaintiff Y.Y. to substitute the Estate of

Wallace Patrick Beaton, with Y.Y. as its executor, in place of deceased Plaintiff Wallace Patrick

Beaton, pursuant to Federal Rule of Civil Procedure 25(a)(1).  Mot. for Substitution, D.E. 82, at

2.  Y.Y. is W.B.'s wife and a *pro se* plaintiff in this action.  The Court has received no opposition

to the motion.  The Court has considered Plaintiff's submission without oral argument.  Fed. R.

Civ. P. 78; Local Civ. R. 78.1.  For the reasons set forth below, Y.Y.'s motion is **DENIED**.

## II.     BACKGROUND

This Opinion assumes familiarity with the extended facts and procedural history of this

case.  However, a summary of the facts and procedural history necessary for the resolution of the

instant motion follows.

### a.  Factual Background and Procedural History

The minor children of Y.Y. and W.B. ("D.Y." and "W.Y.") attended school in North

Arlington until September 23, 2015, when the Defendants removed D.Y. from the school system.

Pls.' Mem. of Law in Opp'n to Summ. J., Apr. 10, 2026, D.E. 77, at 4.  Following D.Y.'s

removal, Y.Y. initiated proceedings before the New Jersey Office for Administrative Law ("NJOAL"), and eventually appealed to the New Jersey Superior Court, Appellate Division. *Id*. On September 15, 2017, Plaintiffs commenced this action against Defendants. Compl., Sept. 15, 2017, D.E. 1. Plaintiffs allege that Defendants conspired to create a pattern of unconstitutional and unlawful conduct during both their investigation of Plaintiffs' domicile in North Arlington for the purposes of school residency and the litigation itself.[1] *Id.* at 4-5; Pls.' Mem. of Law in Opp'n to Summ. J., Apr. 10, 2026, D.E. 77, at 4.

The Court stayed the Plaintiffs' action here on May 24, 2018 while the ALJ and state court proceedings progressed. Order, D.E. 38. The Court lifted this stay on May 13, 2025. Order, D.E. 48. On July 4, 2019, during the stay, W.B. passed away. Mot. for Substitution, D.E. 82, at 2. Following W.B.'s death, the New Jersey Surrogate's Court of Hudson County appointed Y.Y. the executor of W.B.'s estate according to W.B.'s Last Will and Testament. *Id*. As court-appointed executor of the estate of W.B., Y.Y. claims that she has the legal authority to represent W.B.'s estate *pro se*. *Id*. Accordingly, on April 23, 2026, Y.Y. filed a motion to substitute pursuant to Federal Rule of Civil Procedure 25(a) and a Suggestion of Death. *Id.*

---

[1] Plaintiffs bring claims for a deprivation of their right to due process, illegal search and seizure under the Fourth Amendment, crime of official deprivation of civil rights, deliberate indifference to the right to due process, deprivation of a free public education, conspiracy, municipal and governmental liability, supervisory liability, discrimination, negligent training, a violation of the New Jersey Civil Rights Act, spoliation of evidence, negligent and intentional infliction of emotional distress, failure to provide a hearing under N.J.A.C. 6A:22-4.3, fraud, legal fraud, malicious act, common law negligence, official misconduct, conspiracy in violation of N.J.S.A. 2C:5-2, trespass, theft, perjury, receiving stolen property, harassment, criminal mischief, and bias intimidation. Compl. D.E. 1.

## III.   DISCUSSION

Federal Rule of Civil Procedure 25(a) governs motions for substitution upon suggestion of death.  *See Stromberg v. Midland Funding, LLC*, No. 16-9288, 2026 WL 949014, at *2 (D.N.J. Apr. 8, 2026). Rule 25(a) states, in pertinent part, that:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party.  A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a).  A court considering a Rule 25 motion "must consider whether:  (1) the motion is timely; (2) the claims pled are extinguished; and (3) the person being substituted is a proper party."  *Veliz v. Cintas Corp.*, No. 03-1180, 2008 WL 2811171, at *1 (N.D. Cal. July 17, 2008).  The trial court has discretion over whether to grant the motion, although denying such a motion without cause is rare.  *McKenna v. Pac. Rail Serv.*, 32 F.3d 820, 836 (3rd Cir. 1994) (citing Fed. R. Civ. P. 25(a)); *see Saylor v. Bastedo*, 623 F.2d 230, 237 (2d Cir. 1980) (noting that "it is difficult to imagine a case where discretion might properly be exercised to deny a motion to substitute for a deceased plaintiff made within the rule's time limits"); *see also In re Baycol Prods. Litig.*, 616 F.3d 778, 783 (8th Cir. 2010) (explaining that "the Advisory Committee on the 1963 amendments to [Rule] 25 intended that motions to substitute be freely granted").

Under 28 U.S.C. § 1654, "the parties may plead and conduct their own cases personally or by counsel" when in federal courts.  Section 1654 expressly allows non-attorney litigants to represent themselves.  However, the Third Circuit has consistently held that non-attorneys are barred from representing other parties and their interests.  *Murray ex rel. Purnell v. City of Phila.*, 901 F.3d 169, 171 (3d Cir. 2018) (If an estate has "one or more beneficiaries besides the administrator . . . . [t]he interests of other parties, such as beneficiaries, may not be represented

3

by a non-attorney administrator of an estate."); *see also Doncheva v. Citizens Bank of Pa.*, 820 F. App'x 133, 135 (3d Cir. 2020) (holding that non-attorney administrators cannot represent estates that have other beneficiaries because the interests of other parties are at stake).

The limitations governing *pro se* representation in federal court are clear. "[A] judicial person cannot proceed in a legal matter *pro se*." *Wilson v. Correct Care Sol.*, No. 12-1543, 2017 WL 4769119, at *3 (D.N.J. Sept. 20, 2017) (citing *Est. of Casimir v. New Jersey*, No. 09-4004, 2009 WL 2778392, at *3 (D.N.J. Aug. 31, 2009)). An estate qualifies as a judicial person and therefore must be represented by an attorney. *Wilson*, 2017 WL 4769119, at *3. Because Y.Y. is not an attorney, allowing her to represent W.B.'s estate would typically contradict established case law. *Id.*; *see, e.g., Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202, 113 S. Ct. 716, 121 L.Ed.2d 656 (1993) (recognizing that corporations and other judicial persons must be represented by counsel and that "save in a few aberrant cases, the lower courts have uniformly held that 28 U.S.C. § 1654 ... does not allow corporations, partnerships or associations to appear in federal court otherwise through a licensed attorney" (footnote omitted)); *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 667 (9th Cir. 2008) (holding that a non-lawyer could not litigate *pro se* on behalf of an ERISA plan).

However, under certain rare circumstances, a person can successfully move to substitute themselves to represent a decedent-plaintiff's estate *pro se*. To prevail, a *pro se* plaintiff seeking to take the place of the estate must show "that the estate has no other beneficiaries or creditors." *Laibow v. Menashe*, No. 19-4549, 2019 WL 6243368, at *12 (D.N.J. Nov. 11, 2019); *see Wilson*, 2017 WL 4769119, at *3 (denying the plaintiff's motion for substitution because she failed to demonstrate "that she is the sole beneficiary of the estate and that there are no creditors to the estate"); *Ferguson v. Warden Schuylkill FCI*, 647 F. App'x 70, 71 (3d Cir. 2016) (holding that the

4

plaintiff could not represent the estate *pro se* because he failed to allege that he was the sole beneficiary). The purpose of this rule is to protect the rights of the estate's beneficiaries or creditors. *Laibow*, 2019 WL 6243368, at *12.

The Court must determine whether Y.Y., as a non-attorney and executor of the estate of W.B., would be representing her "own" case if substituted as the plaintiff on behalf of W.B.'s estate. Y.Y. claims that she is the court-appointed executor of W.B.'s estate and its sole beneficiary with identical claims to the estate. *Id.* at 3-4. Given these circumstances, Y.Y. alleges that she qualifies her for an "exception" established by *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998), which would allow a *pro se* plaintiff to represent estates. *Id.* Furthermore, Y.Y. asserts that requiring her to retain separate counsel would cause her severe financial burdens. *Id.* at 4. Thus, Y.Y. argues that the interests of justice and judicial resources should permit her to represent the estate. *Id.*

Y.Y's arguments are unpersuasive for two reasons. First, it is clear on the record before the Court that Y.Y. was named the executor of W.B.'s estate. Y.Y. has submitted the Letters Testamentary naming her as such. *See* Letters Testamentary, D.E. 82-2. But while Y.Y. claims that she is the sole beneficiary, she lacks a factual basis for this assertion. *Id.* at 2-4. For example, she fails to provide a copy of W.B.'s Will or some other document demonstrating that she is the sole beneficiary. In fact, Y.Y. brings the instant action on behalf of her and W.B.'s children. Yet, Y.Y. is silent on whether the children are also beneficiaries with interests in W.B.'s estate. If they are, then Y.Y. would be prohibited from representing W.B.'s estate, even though she is the named executor and a likely beneficiary. *Ferguson*, 647 F. App'x at 71. Similarly, Y.Y. completely fails to address whether there are creditors of the estate. Thus, on the facts before it,

the Court cannot determine that Y.Y. is the sole beneficiary and there are no creditors of the estate.

Second, Y.Y.'s sole reliance on *Iannaccone* fails.  Y.Y. claims that, as a *pro se* plaintiff, she can represent an estate when she is "the court-appointed personal representative and sole beneficiary of the estate, and where the estate's claims are identical to and derivative of the plaintiff's own claims."  Mot. for Substitution, D.E. 82, at 3-4.  Although *Iannaccone* provides support for Y.Y.'s assertion by discussing the possibility and conditions for *pro se* representation of an estate, *Iannaccone* alone does not save Y.Y.'s argument.  *See Iannaccone* 142 F.3d at 559 ("[A] representative of an estate may not proceed *pro se* in an action by the estate where the estate has beneficiaries or creditors other than the representative.").  As noted above, Y.Y. fails to demonstrate that she is the sole beneficiary of W.B.'s estate or that there are no creditors of the estate.  Thus, even if *Iannaccone* supports Y.Y.'s assertion, she still lacks the factual basis to successfully prevail.  Because Y.Y. fails to establish the requisite factual basis, *Iannaccone* is irrelevant to the analysis, and the Court need not reach the *pro se* estate representation "exception."  Accordingly, the Court concludes that Y.Y. cannot represent the estate *pro se* and her motion for substitution must be denied.

## IV.  CONCLUSION

For the reasons set forth above, the motion to substitute is denied.  The Court shall issue an accompanying Order.

*/s/ Michael A. Hammer*
**United States Magistrate Judge**

Date: June 25, 2026